# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-097-FDW-DCK

| | |
|---|---|
| SOMEECARDS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER AND RECOMMENDATION** |
| SNARKECARDS, LLC, | ) ) ) |
| Defendant. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff "Someecards' Motion To Amend Its Complaint" (Document No. 25). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and, applicable authority, the undersigned will <u>grant</u> the motion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

Plaintiff seeks leave to amend to address "alleged inadequacies" identified in "Defendant's Rule 12(b)(6) Motion" (Document No. 22), and to add a new defendant. (Document Nos. 25, 26). It appears that there has been no initial attorney's conference and that no discovery has taken place thus far. Furthermore, the undersigned is not persuaded that there is evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. After careful consideration of the record and the motion, the undersigned finds that Plaintiff's motion to amend should be granted.

Because the undersigned will order Plaintiff to file a Second Amended Complaint which will supersede the previous Complaint, the undersigned will respectfully recommend that "Defendant's Rule 12(b)(6) Motion" (Document No. 22) be denied as moot. This recommendation is without prejudice to Defendant filing a renewed motion to dismiss the Second Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see

also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff "Someecards' Motion To Amend Its Complaint" (Document No. 25) is **GRANTED**. Plaintiff shall file an Amended Complaint on or before **May 5, 2014**.[1]

**IT IS RECOMMENDED** that "Defendant's Rule 12(b)(6) Motion" (Document No. 22) be **DENIED AS MOOT**.

**SO ORDERED AND RECOMMENDED.**

Signed: May 2, 2014

David C. Keesler
United States Magistrate Judge

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

3