IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-097-FDW-DCK

| | |
|---|---|
| SOMEECARDS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| SNARKECARDS, LLC, and | ) |
| LITTLE WHITE LION, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Someecards, Inc. and Defendants Snarkecards, LLC and Little White Lion, LLC seek a protective order that governs the disclosure of information and documents in accordance with Federal Rule of Civil Procedure 26(c). It is hereby ORDERED that:

1. This protective order (the "Order") shall apply to all information, documents and things subject to discovery in proceedings related to this lawsuit and produced either by a party or a non-party and shall include, without limitation, discovery and any adjunct subpoena proceedings incident hereto before any tribunal (such lawsuit and proceedings referenced hereinafter as the "Action") including, without limitation, testimony adduced at deposition upon oral examination or upon written questions, answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission, or information, documents and things disclosed or produced pursuant to subpoena under Fed. R. Civ. P. 45. Each such party or non-party shall be referred to hereinafter as a "Party" and shall be referred to collectively as the "Parties."

1

2. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a third party to whom the Party (the "Designating Party") reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Designating Party by affixing a legend or stamp on such document, information or material as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" (collectively, "DESIGNATED MATERIAL") only upon a good faith belief that the DESIGNATED MATERIAL contains confidential or proprietary information or trade secrets of the Designating Party or a third party to whom the Designating Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material. To the extent it is practical *to* do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions thereof for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or an item that it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other Parties to whom such initial designation was communicated that it is withdrawing the mistaken designation.

3. Unless otherwise ordered by the Court, or otherwise provided for herein, the DESIGNATED MATERIAL will be held and used by the receiving Party (the "Receiving Party") solely for use in connection with the Action. Any person or entity who obtains access

to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIAL and subject to all of the terms and conditions of this Order.

4. In the event a Receiving Party challenges the Designating Party's designation, counsel shall make a good faith effort to resolve the dispute, and, in the absence of a resolution, the challenging Party may thereafter seek resolution by the Court. Nothing in this Order, and no designation made or unchallenged by any Party, constitutes an admission by any Party that the designated information is relevant or admissible.

5. A designation of Protected Material (*i.e.,* "CONFIDENTIAL" or "CONFIDENTIAL- ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL or which is subject to an attorney-client privilege, the work product doctrine, or other privilege, doctrine or immunity, shall not be deemed a waiver in whole or in part of a claim for confidentiality, privilege or immunity treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL, or produces information subject to the attorney-client privilege, the work product doctrine, or another privilege, doctrine or immunity, may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and/or may provide replacement Protected Material that is properly designated. The recipient(s) shall immediately destroy all copies of the inadvertently or unintentionally produced Protected Material, or information

subject to the attorney-client privilege, the work product doctrine, or other privilege, doctrine or immunity, and any documents, information or material derived from or based thereon.

6. Each Party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

7. Information or documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

(a) outside counsel of record in this Action for the Parties;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d) up to and including three (3) designated representatives of each of the parties to this lawsuit to the extent reasonably necessary for the litigation of this Action;

(e) any person from whom testimony is taken or is to be taken, except that such a person may only be shown DESIGNATED MATERIALS during and in preparation for his/her testimony that such person authored or had authorized access to in the past and may not retain the DESIGNATED MATERIALS, provided that, prior to any such display or discussion, such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A, and, in the event such person refuses to sign the agreement, the Party desiring to disclose the confidential information may seek appropriate relief from this Court;

(f) outside consultants or experts *(i.e.,* not existing employees of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently, or within the last two (2) years, employed by a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has signed an agreement to be bound by this Order in the form attached as Exhibit A hereto, provided that each other party to this lawsuit is first provided a current curriculum vitae, listing his or her current employer and identifying (by name and number of the case, filing date, and identification of court) any litigation in connection with which the consultant or expert has offered expert testimony, including through a declaration, report or testimony at a deposition or trial, during the preceding five years;

(g) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the Action; and

(h) the Court and its personnel.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." For Protected Material designated CONFIDENTIAL -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 7 (a-b) and (e-h), but shall be disclosed to those identified in 7(h) only if filed under seal pursuant to this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on

DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the redacted pleading or exhibit filed publicly with the Court.

9. Prior to disclosing or displaying any DESIGNATED MATERIAL to any person, counsel shall:

(a) Inform the person of the confidential nature of the information or documents; and (b) Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than the Action and has enjoined the disclosure of that information or documents to any other person.

10. Any DESIGNATED MATERIALS which become part of an official judicial proceeding or which are filed with the Court are public documents, and such documents can and will be sealed by the Court only upon motion and in accordance with applicable law.

11. At the conclusion of this lawsuit, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed.

12. The foregoing is entirely without prejudice to the right of any Party to apply to the Court for any further protective order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

13. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of any Party to assert any applicable discovery or trial privilege.

14. Where a document production request seeks production of an attorney-client privileged communication between the responding Party and its litigation counsel, or materials subject to protection as work product under Fed.R.Civ.P. 26(b)(3), dated on or after the date the original complaint was filed in this lawsuit, the Party responding to the request need not list such documents on its privilege log.

IT IS SO ORDERED.

Signed: June 23, 2014

David C. Keesler
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-097-FDW-DCK

| | |
|---|---|
| SOMEECARDS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| SNARKECARDS, LLC, | ) |
| and | ) |
| LITTLE WHITE LION, LLC | ) |
| | ) |
| Defendants. | ) |

## EXHIBIT A
## UNDERTAKING REGARDING PROTECTIVE ORDER

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Someecards, Inc. v. Snarkecards, LLC and Little White Lion,* LLC, Civil Action No. 3:14-cv-00097 (WDNC) have been designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  I have been informed that any such document or information labeled as "CONFIDENTIAL" or "CONFIDENTIAL-- ATTORNEYS' EYES ONLY" is confidential by Order of the Court.

Under penalty of contempt of court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the protective order in this action.

DATED: _____