UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00097-FDW-DCK

| | |
|---|---|
| SOMEECARDS, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>SNARKECARDS, LLC, and LITTLE )<br>WHITE LION, LLC )<br>)<br>    Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on Defendants' SnarkeCards, LLC and Little White Lion, LLC Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 36). Defendants request the Court dismiss Count IV (trade dress infringement) of the Second Amended Complaint in its entirety and dismiss Counts VI (unfair competition), VII (contributory infringement), and VII (unfair or deceptive trade practices) of the Second Amended Complaint to the extent that those claims relate to, and depend upon, the trade dress infringement claim of Count IV. (Doc. No. 36). The parties have fully briefed this motion, and it is now ripe for review. For the reasons set forth below, Defendants' Motion is hereby DENIED.

### I.    STANDARD OF REVIEW

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

## II. DISCUSSION

Defendants move to dismiss four claims: (1) Plaintiff's trade dress infringement claim (Count IV) in its entirety, (2) Plaintiff's unfair competition claim (Count VI), (3) Plaintiff's contributory infringement claim (Count VII), and (4) Plaintiff's unfair or deceptive trade practices claim (Count VII). (Doc. No. 36 at 1). Because the bulk of Defendants' Motion to Dismiss rests on Count IV's claim for trade dress infringement, the issue of whether Plaintiff has sufficiently plead that will be addressed first.

Defendants argue that Plaintiff has (1) failed to allege sufficient facts to identify with the requisite definiteness and specificity the constituent elements of its putative trade dress; and (2) failed to allege sufficient facts, which, if true, would show that its putative trade dress has acquired distinctiveness. (Doc. No. 36-1 at 5). In order to set forth a claim for trade dress infringement, a plaintiff must allege that: "(1) its trade dress is primarily nonfunctional; (2) the alleged infringement creates a likelihood of confusion; and, (3) the trade dress either (a) is inherently distinctive, or (b) has acquired a secondary meaning." Ashley Furniture Industries, Inc. v. SanGiacomo N.A. Ltd., 187 F.3d 363, 368 (4th Cir. 1999).

First, Defendants argue that Plaintiff fails to articulate with particularity the constituent elements of its putative trade dress. (Doc. 36-1 at 10). In Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 765 (1992), the seminal trade dress case handed down by the Supreme Court, Taco Cabana, an operator of a chain of Mexican restaurants, sued an operator of a similar chain for trade dress infringement. There, the trade dress was defined as:

> a festive eating atmosphere having interior dining and patio areas decorated with artifacts, bright colors, paintings and murals. The patio includes interior and exterior areas with the interior patio capable of being sealed off from the outside patio by overhead garage doors. The stepped exterior of the building is a festive and vivid color scheme using top border paint and neon stripes. Bright awnings and umbrellas continue the theme.

The Supreme Court affirmed the trial court and appellate court's holding that the Defendant had intentionally and deliberately infringed Taco Cabana's trade dress. Id. at 776. In this case, Plaintiff identifies its trade dress in Paragraph 14 of the Second Amended Complaint as a combination of the following components:

> (1) solid, monochromatic colored background; (2) composition consisting of black sans serif text on one side of the frame, simple figures, typically in line-drawing form, on the other side of the frame; (3) a logo on the bottom corner opposite the drawing; (4) a narrow white border between the color and the outline of the card; (5) use of a black outline to indicate the edge of the card; and (6) use of sharp corners within the interior color of the card to parallel the sharp corners of the card itself.

(Doc. No. 28 at. 3). Plaintiff has sufficiently defined its trade dress similar to the specificity used in Two Pesos.

In addition to this written description of its trade dress, Plaintiff provided images in Exhibit A to the Complaint that embody the trade dress elements identified in Paragraph 14 of the Second Amended Complaint. (Doc. 1-3 at 1-3). At the pleadings stage, pictures of trade dress alone may provide the necessary description of trade dress. Innovation Ventures, LLC v. N2G Distributing, Inc., 635 F. Supp. 2d 632 at 641 (E.D. Mich. 2008) (citing Abercrombie & Fitch

Stores, Inc. v. American Eagle Outfitters, Inc., 280 F.3d 619, 629 (6th Cir. 2002)). Therefore, the descriptions provided by Plaintiff in connection with these images are more than sufficient to give Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." Belk, Inc, v. Myer Corporation, U.S., No. 3:07-CV-168-DCK, 2008 WL 2704792 at *3 (W.D.N.C. July 7, 2008).

Second, Defendants argue that Plaintiff has failed to allege sufficient facts to show that its putative trade dress has acquired distinctiveness, often referred to as "secondary meaning." (Doc. 36-1 at 9). The Fourth Circuit has held that evidence of intentional, direct copying of the trade dress establishes a *prima facie* case of secondary meaning sufficient to shift the burden of persuasion to the defendant on that issue. Larsen v. Terk Technologies Corp., 151 F.3d 140, 149 (4th Cir. 1998). Plaintiff has made allegations that Defendants intentionally copied Plaintiff's electronic greeting cards. Exhibit A includes images of five of Plaintiff's cards side-by-side with five infringing cards of the Defendant. (Doc. No. 1-3 at 1-3). In addition, Plaintiff has also alleged specific incidents of actual consumer confusion. (Doc. No. 28 at 34-35). Exhibit B is one example of this actual confusion where a Twitter user mistakes a Snarkecard electronic greeting card for a Someecard greeting card. (Doc. No. 1-4 at 2). Therefore, Plaintiff's allegations of direct copying and actual consumer confusion are sufficient to withstand Defendants' Motion to Dismiss.

### III. CONCLUSION

Plaintiff has more than sufficiently plead its trade dress claim to defeat Defendant's 12(b)(6) Motion to Dismiss Count IV of the Second Amended Complaint. Defendants also request the Court to dismiss Counts VI, VII, and VIII of the Second Amendment Complaint to the extent that those claims related to, and depend upon, the trade dress infringement claim of

Count IV. As explained above, Plaintiff has more than met the pleading requirements with regard to its trade dress claims. Consequently, Defendants' Motion to Dismiss is also denied in regard to Counts VI, VII, and VIII of Plaintiff's Amended Complaint.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. No. 36) Plaintiff's Amended Complaint (Doc. No. 9) is DENIED.

IT IS SO ORDERED.

Signed: August 6, 2014

Frank D. Whitney
Chief United States District Judge